## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TRICON PRECAST, LTD., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: 4:19-cv-00875 |
| | ) | |
| vs. | ) | |
| | ) | |
| EASI-SET INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant Easi-Set Industries, Inc. respectfully submits this memorandum of law in support of its Motion to Dismiss Count Four and Count Five of Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). As grounds therefor, Defendant states as follows:

### I.       PROCEDURAL BACKGROUND

1.       Plaintiff is Tricon Precast, Ltd. ("Tricon").

2.       Defendant is Easi-Set Industries, Inc. ("Easi-Set").

3.       Tricon filed the above-captioned suit (hereinafter, "the Texas Lawsuit") against Easi-Set on March 11, 2019, asserting the following causes of action: (1) Declaratory Judgment regarding the validity of Easi-Set's trade dress included under Easi-Set's U.S. Trademark Registration No. 3,927,357 (the 357 Trademark), (2) Declaratory Judgment regarding Easi-Set's allegations of Tricon's infringement of the 357 Trademark, (3) Cancellation of the 357 Trademark Registration under 15 U.S.C. §1064(3), (4) Violation of the Texas Antitrust Act, and (5) Violation of the Sherman Act.

1

4.       Previously, on January 23, 2019, Easi-Set filed suit against Tricon in the United States District Court for the Eastern District of Virginia, Alexandria Division (Cause No. 1:19-cv-00084), asserting causes of action of Breach of Contract, Declaratory Judgment, and Trademark Infringement (hereinafter, "the Virginia Lawsuit").

5.       Tricon and Easi-Set have filed responsive pleadings and have pending motions in both of the respective federal suits; furthermore, a Joint Discovery Plan and Rule 16(b) Scheduling Order have been filed in the Virginia Lawsuit and discovery has been initiated in the Virginia Lawsuit.

6.       Both federal suits concern the enforcement of a licensing agreement between the parties (the "Licensing Agreement"), a trademark involving a "V-shape" design for precast concrete highway barriers embodied in the 357 Trademark, as well as its corresponding technology related to precast concrete highway barrier and the technology regarding connections used in those highway barriers.

7.       On May 8, 2019, Easi-Set filed a Motion to Transfer Venue and Motion to Dismiss in the Texas Lawsuit, to which Tricon responded on May 29, 2019.

8.       Also on May 29, 2019, Tricon filed its First Amended Complaint in the Texas Lawsuit for which Easi-Set now files the instant Motion, and re-urges its position presented to the Court on May 8, 2019.

## II.     <u>ARGUMENT AND AUTHORITIES</u>

9.       Easi-Set moves for dismissal of Causes of Action ("Counts") Four and Five of Tricon's First Amended Complaint in the Texas Lawsuit (the "Amended Complaint") pursuant to FED. R. CIV. P. 12(b)(6). Counts Four and Five purport to recite claims under the Texas Antitrust Act (Count Four) and the Sherman Act (Count Five).

2

10.     FED. R. CIV. P. 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The requisite plausibility is present "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 556).

11.     Tricon's Amended Complaint does not provide any additional factual content which would infer liability to Easi-Set under the Texas Antitrust Act or the Sherman Act.

12.     Antitrust litigation is extremely expensive, not only in terms of the parties' resources but also in terms of the Court's resources. Accordingly, standards of pleading cannot be applied loosely in the antitrust context. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). In this way, FED. R. CIV. P. 12(b)(6) enables the Court to avoid wasting valuable resources:

> [I]t is one thing to be cautious before dismissing an antitrust complaint in advance of discovery . . . , but quite another to forget that proceeding to antitrust discovery can be expensive. As we indicated over 20 years ago . . . , "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. at 558 (emphasis added) (citations omitted).

13.     In this instance, Counts Four and Five of the Amended Complaint, using *nearly* identical language to Tricon's original complaint, allege that Easi-Set engaged in anticompetitive conduct by persuading the Texas Department of Transportation ("TxDOT") to adopt certain

standards for highway barriers. More specifically, Count Four of the Amended Complaint (the

claim under the Texas Antitrust Act) alleges:

> Easi Set, a subsidiary of a public company, improperly <u>induced and encouraged TxDOT, a government entity,</u> to require the "V-shape" embodied in the '357 Registration in precast concrete barriers produced for TxDOT, county, and municipal projects. This design requirement effectively made Easi-Set the sole supplier of precast concrete barrier[sic], and has had a staunch effect on competition within the relevant marketplace. Tricon may not freely manufacture and sell its product unless TxDOT alters its design requirements which are the product of Easi-Set's improper inducement and encouragement.

(Dkt. 10, Amended Complaint, ¶ 40, emphasis added; *see also*, Dkt. 1, Complaint ¶ 37)

> Easi-Set's conduct has caused a substantial adverse impact on competition within the State of Texas and an unreasonable restriction on trade within the State of Texas. In doing so, Easi-Set acquired its power and control within the Texas market, not through its development of superior products, business acumen, or historic action, but through improper means.

(Dkt. 10, Amended Complaint, ¶ 43, emphasis added; *see also*, Dkt. 1, Complaint ¶ 37).

Similarly, Count Five of the Amended Complaint (the claim under the Sherman Act)

alleges:

> Easi Set, a subsidiary of a public company, improperly <u>induced and encouraged TxDOT, a government entity,</u> to require the "V-shape" embodied in the '357 Registration in precast concrete barriers produced for TxDOT, county, and municipal projects. This design requirement effectively made Easi-Set the sole supplier of precast concrete barrier[sic], and has had a staunch effect on competition within the relevant marketplace. Tricon may not freely manufacture and sell its product unless TxDOT alters its design requirements which are the product of Easi-Set's improper inducement and encouragement.

(Dkt. 10, Amended Complaint, ¶ 46, emphasis added; *see also*, Dkt. 1, Complaint ¶ 40).

> Easi-Set's conduct has caused a substantial adverse impact on competition within the State of Texas and an unreasonable restriction on trade within the State of Texas. In doing so, Easi-Set acquired its power and control within the Texas market, not through its development of superior products, business acumen, or historic action, but through improper means.

(Dkt. 10, Amended Complaint, ¶ 48, emphasis added; *see also*, Dkt. 1, Complaint ¶ 40).

14.     A single legal standard is applicable to determining the sufficiency of both counts. The purpose of the Texas Antitrust Act "is to maintain and promote economic competition in trade and commerce occurring wholly or partly within the State of Texas and to provide the benefits of that competition to consumers in the state," and the Act is to be "construed in harmony with federal judicial interpretations of comparable federal antitrust statutes to the extent consistent with this purpose." TEX. BUS. & COM. CODE § 15.04; *see also Caller-Times Pub. Co. v. Triad Communications, Inc.*, 826 S.W.2d 576, 580 (Tex. 1992).

15.     TxDOT is an instrumentality of the State of Texas, governed by the Texas Transportation Commission. *See* TEX. TRANSP. CODE § 201.201. Thus, Counts Four and Five purport to assert a right to relief based on allegations that Easi-Set improperly "encouraged and/or induced" the State of Texas (Dkt. 10, Amended Complaint, ¶¶ 40, 46), thereby obtaining a competitive advantage. Easi-Set stridently denies that it has done anything improper while at the same time recognizing that a Rule 12(b)(6) motion is not the appropriate occasion to attack the factual basis of a complaint. Instead, Easi-Set argues for dismissal on the basis that its alleged efforts to influence the State of Texas, taking the allegations of the Amended Complaint as true for the purpose of Rule 12(b)(6), would be protected from antitrust scrutiny under the *Noerr-Pennington* doctrine.

16.     The Sherman Act (and thus the Texas Antitrust Act) does not prohibit efforts to persuade government "to take particular action with respect to a law that would produce a restraint or a monopoly," *Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 136 (1961) ("*Noerr*"), and it is settled law that "'neither the Sherman Act nor the Clayton Act was intended to authorize restraint of governmental action.'" *Saenz v. University Interscholastic League*, 487 F.2d 1026, 1028 (5th Cir. 1973) (quoting *Alabama Power Co. v. Alabama Electric*

*Cooperative, Inc.*, 394 F.2d 672, 675 (5th Cir. 1968)); *see also Parker v. Brown*, 317 U.S. 341, 350-51 (1943). This principle applies to efforts to persuade government agencies just as it applies to efforts to persuade the legislative branch or executive branch directly. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972). Thus, where, as here, a complaint is directed to an alleged "act of a public official [or government agency] who is not claimed to be a co-conspirator," there is no antitrust claim. *United Mine Workers v. Pennington*, 381 U.S. 657, 671 (1965) ("*Pennington*"). This Court has recognized the simultaneous applicability of the *Noerr-Pennington* doctrine to claims under the Texas Antitrust Act and to claims under the Sherman Act, based on the statutory requirement that the Texas Antitrust Act is to be interpreted in harmony with Federal antitrust law. *See BHL Boresight, Inc. v. Geo-Steering Solutions, Inc.*, 2016 U.S. Dist. LEXIS 44729 at 22-23 (S.D. Tex. 2016).

17.     An exception exists to *Noerr-Pennington* immunity where the government petitioning activity is a sham. "The exception applies to defendants who use the process as an anticompetitive weapon, rather than those who genuinely seek to achieve an intended result." *Bayou Fleet, Inc. v. Alexander*, 234 F.3d 852, 861-62 (5th Cir. 2000) (citing *City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S., 365, 380 (1991)); *see also Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus.*, 508 U.S. 49, 60-61 (1993).

18.     Importantly, Tricon attempts to show the Court that there is a sham exception to *Noerr-Pennington* immunity here. Easi-Set re-urges its earlier argument—any contention that Easi-Set engaged in sham efforts to petition Texas is undercut by the alleged success of those efforts, according to what is stated in the Amended Complaint (for example, "induced and encouraged TxDOT, a government entity, to require the "V-shape" embodied in the '357 Registration in precast concrete barriers produced for TxDOT, county, and municipal projects."

(Dkt. 10, Amended Complaint, ¶¶ 40, 46). The alleged efforts to influence Texas were thus "not only genuine but also highly successful," *Noerr*, 365 U.S. at 475, and the success of those efforts means that they "certainly cannot be characterized as a sham." *Allied Tube & Conduit Corp. v. Indian Head*, 486 U.S. 492, 502 (1988).

19.     Moreover, the factual allegations provided in support of Counts Four and Five are made "upon information and belief" rather than by the allegation of specific facts. (Dkt. 10, Amended Complaint, ¶¶ 11, 15, 16, 17) "In order to plead a sham exception, 'a complaint must include allegations of the specific activities not protected by *Noerr.*'" *Destec Energy, Inc. v. Southern California Gas Co.* 5 F. Supp. 2d 433, 463 (S.D. Tex. 1997) (quoting *Franchise Realty Interstate Corp. v. San Francisco Local Joint Exec Bd.*, 542 F.2d 1076, 1080, 1081 (9th Cir. 1971)). No such allegations are present in the Amended Complaint in this matter and Counts Four and Five thus fail to state a claim on which relief can be granted. *See Lamar County Elec. Coop. Ass'n v. Rayburn Country Elec. Coop., Inc.*, 330 F. Supp. 2d 763, 765-66 (E.D. La. 2002). Tricon's allegation that the "V-shape" tapered ends are not a "legitimate" design requirement is not sufficient to support a claim of a sham exception (Dkt. 10, Amended Complaint, ¶ 18).

20.     "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, '"this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court."'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 558 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 233-234 (3d ed. 2004)). Thus, Counts Four and Five of the Amended Complaint fail to "state a claim to relief that is plausible on its face." *Id.* at 570.

### III.   CONCLUSION

21.     Based on the foregoing, Counts Four and Five of Tricon's First Amended Complaint in the Texas Lawsuit should be dismissed as a matter of law.  Due to the pending Rule 12(b)(6) motion, as to any count, Easi-Set's answer deadline is hereby extended for all allegations asserted in the First Amended Complaint and Easi-Set is not in affect failing to deny the remainder of Tricon's allegations of fact and law contained in the First Amended Complaint.[1]

### IV.   PRAYER

22.     Easi-Set requests that this motion be granted, and that Counts Four and Five of Tricon's First Amended Complaint be dismissed, and that Easi-Set be granted such other remedies, both legal and equitable, to which it may show itself justly entitled.

*[remainder of page left intentionally blank]*

---

[1] See *Fed. Contracting, Inc. v. U.S.*, 128 Fed. Cl. 788, 797 (2016); *Compton v. City of Harrodsburg, Ky.*, 287 F.R.D. 401, 402 (E.D. Ky. 2012); *Brocksopp Eng'g, Inc. v. Bach-Simpson Ltd.*, 136 F.R.D. 485, 486 (E.D. Wis. 1991); *Bertaut v. Par. of Jefferson*, No. CIV.A. 02-2104, 2002 WL 31528468, at 1 (E.D. La. Nov. 8, 2002). *See also* 5B WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1346 (3d ed.) ("[T]he weight of limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion.").

Date:  June 12, 2019

Respectfully submitted,

By:     */s/ Matthew S.C. Moore*
          Matthew S.C. Moore
          State Bar No. 24042270
          Federal Bar No. 1031686
          mmoore@pecklaw.com
          PECKAR & ABRAMSON, P.C.
          3050 Post Oak Blvd., Suite 500
          Houston, TX 77056
          Telephone: 713-568-1500
          Facsimile: 713-568-1490

          **ATTORNEY IN CHARGE FOR
          DEFENDANT**

**OF COUNSEL:**
Courtney Bryan Sheaffer
State Bar No. 24072005
Federal Bar No. 1580787
csheaffer@pecklaw.com
PECKAR & ABRAMSON, P.C.
3050 Post Oak Blvd., Suite 500
Houston, TX 77056
Telephone: 713-568-1500
Facsimile: 713-568-1490

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2019 that the foregoing Memorandum in Support of

Defendant's Motion to Dismiss has been served on was filed electronically with the Clerk of Court

and served on the following opposed counsel using the CM/ECF system:

Simon W. Hendershot, III
trey@hchlawyers.com
Hendershot, Cannon, Martin & Hisey
1800 Bering Dr., Suite 600
Houston, Texas 77057
Telephone:  (713) 783-3110
Facsimile:  (713) 783-2809

C. Dale Quisenberry
dale@quisenberrylaw.com
Quisenberry Law PLLC
13910 Champion Forest Dr., Suite 203
Houston, Texas 77069
Telephone:  (832) 680-5000
Facsimile:  (832) 680-5555


Raymond Lee Panneton
ray@ttlf.com
The Talask Law Firm PLLC
442 Heights Blvd
Houston, Texas 77007
Telephone:  (713) 869-1240

**ATTORNEYS FOR PLAINTIFF
TRICON PRECAST, LTD**.


By:     */s/ Courtney Bryan Sheaffer*
        Courtney Bryan Sheaffer